IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



DAVID MEYERS,

    Petitioner,

v.                                         Civil Action No. 3:16CV05

EDWARD WRIGHT, et al.,

    Respondents.

## MEMORANDUM OPINION

David Meyers, proceeding pro se, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Memorandum Order entered on March 4, 2016, the Court directed Meyers, within eleven (11) days of the date of entry thereof, to pay the $5.00 filing fee or explain any special circumstances that would warrant excusing payment of the filing fee. The Court warned Meyers that it would dismiss the action if Meyers did not pay the filing fee or proffer any special circumstances excusing the payment of the same. By Memorandum Order entered on March 22, 2016, the Court granted Meyer's Motion for an Extension of Time and directed Meyers to pay the filing fee within thirty (30) days of the date of entry thereof.

More than thirty (30) days elapsed since the entry of the March 22, 2016 Memorandum Order and Meyers failed to pay the filing fee. Further, Meyers failed to offer any explanation for his failure to pay the filing fee in a timely manner.

Accordingly, by Memorandum Opinion and Order entered on May 18, 2016, the Court dismissed the action without prejudice.

On June 25, 2016, the Court received from Meyers: a Motion for Reconsideration under Fed. R. Civ. P. 59(e) ("Rule 59(e) Motion,'" ECF No. 13); a Motion for Appointment of Counsel (ECF No. 14); and, a Motion complaining that he is in imminent danger ("Imminent Danger Motion," ECF No. 15). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Meyers asserts that the Court committed a clear error of law and that vacating the dismissal order is necessary in order to prevent a manifest injustice. Specifically, with respect the clear error of law, he suggests that the Court acted prematurely because he had moved for an extension of time. As explained above, the Court granted Meyers request for an extension of time, but then Meyers failed to pay within the time set by the Court.

Alternatively, Meyers contends that vacating the dismissal order is necessary because he is "in imminent danger due to the

Respondent's sexual harassment and sexual abuse acts on Petitioner and Petitioner not being treated by prisoner medical department for coughing up blood and continual bloody diarrhea." (Rule 59(e) Mot. 2 (spelling and capitalization corrected).) "[T]he settled rules [provide] that habeas corpus relief is appropriate only when a prisoner attacks the fact or duration of confinement, see Preiser v. Rodriguez, 411 U.S. 475 (1973); whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought" by some other procedural vehicle. Olajide v. B.I.C.E., 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (emphasis omitted) (internal parallel citations omitted) (citing Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir. 1978)). If Meyers wishes to pursue a challenge to his condition of confinement, the remedy lies in filing an action under 42 U.S.C. § 1983, not in habeas.

Neither Meyers's mental state nor his lack of counsel excuses Meyers failure to comply with a simple, straightforward directive from the Court. Moreover, since the § 2254 Petition was dismissed without prejudice, Meyers can simply refile it and the Court will once again process his request. As Meyers has failed to demonstrate any basis for Rule 59(e) relief or that the appointment of counsel is necessary, the Motion for Reconsideration (ECF No. 13), Motion for Appointment of Counsel

(ECF No. 14), and his Imminent Danger Motion (ECF No. 15) will be denied. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Meyers.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: June 30, 2016
Richmond, Virginia